Filed 11/22/24  Williams v. Bombardier Recreational Products CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| TYSON WILLIAMS, | D082748 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. RIC1903365) |
| BOMBARDIER RECREATIONAL PRODUCTS, INC. et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Riverside County, Irma Asberry, Judge.  Affirmed.

Carpenter & Zuckerman, John C. Carpenter, John P. Kristensen, Frank M. Mihalic, Jr., and Asa O. Eaton, for Appellant.

Yoka Smith, R. Bryan Martin, Shauna W. Avrith, and Patrick Ball, for Respondents.

Tyson Williams (whose motion to substitute himself as appellant we grant in this opinion) appeals a judgment after the trial court entered an order dismissing the action his father, decedent James Williams, filed against defendants Temecula Motorsports, Inc., Bombardier Recreational Products, Inc., and BRP US, Inc. after suffering serious injuries in an accident.  James

filed his lawsuit against defendants in June 2019 (the First Action), but he died approximately three years later while the action was still pending. Tyson and the Estate of James Williams filed a second lawsuit against the same defendants soon after James died (the Second Action). Decedent's counsel, who also represents Tyson, filed a motion to consolidate the two actions. Neither Tyson nor any other party filed a motion to substitute as plaintiff in place of James in the First Action. The trial court continued several hearings in the First Action with the express purpose of allowing substitution of a new plaintiff under Code of Civil Procedure section 377.31,[1] yet James and Tyson's counsel repeatedly declined to do so. Defendants ultimately filed a motion to dismiss the First Action for abandonment and failure to prosecute, which the trial court granted.

Tyson appeals the judgment, contending that the trial court abused its discretion in granting the motion to dismiss. He argues as an initial matter that the court lacked jurisdiction to rule on the motion to dismiss because Tyson had filed a valid section 170.6 peremptory challenge. He further contends that the court abused its discretion by refusing to consider his successor in interest declaration before ruling on the motion to dismiss and that the court's ruling was premised upon an erroneous factual basis.

We are not persuaded by Tyson's arguments, and we conclude that section 377.31 requires someone seeking to continue a pending action as successor in interest to file a motion to substitute. It is undisputed Tyson did not file such a motion. We therefore find no error in the trial court's ruling and affirm the judgment.

---

[1] Further statutory references are to the Code of Civil Procedure.

2

## FACTUAL AND PROCEDURAL BACKGROUND

A. *The First Action*

In 2017, Tyson Williams bought a 2017 Can-Am Maverick X3, a utility terrain vehicle, from defendant Temecula Motorsports, Inc. Defendants Bombardier Recreational Products, Inc. and BRP US, Inc. designed and manufactured the vehicle. Sometime later, Tyson took his father, James Williams (decedent), to a motorsports park. Tyson was operating the vehicle on the track when it rolled over on its side. James suffered severe injuries from the accident.

In June 2019, James filed a lawsuit against defendants, alleging strict products liability, negligence, inadequate warnings, breach of express warranty, breach of implied warranty of merchantability, negligent misrepresentation, and intentional misrepresentation. He filed a first amended complaint in November 2019 that omitted the misrepresentation claims. He then filed a second amended complaint in June 2020 that added a claim for negligent recall. Litigation in the First Action proceeded until June 2022, when James died.

On August 2, 2022, decedent's counsel informed defendants that James had passed away and requested that they stipulate to an amendment of the complaint "to change the Plaintiff to the 'Estate of James Williams' and have his son Tyson Williams act as the successor in interest." Decedent's counsel further sought a stipulation that the Estate of James Williams was able to recover noneconomic damages under a recent amendment to section 377.34. Defendants responded that they would stipulate to the substitution of a successor in interest, but they could not stipulate to allow the estate to

recover noneconomic damages under section 377.34, as they did not believe those damages were recoverable in this case.[2]

B. *The Second Action*

On August 15, 2022, Tyson and the Estate of James Williams, by and through successor in interest Tyson, filed another lawsuit against defendants in the same court but before a different judge. The complaint alleged survival claims on behalf of the Estate of James Williams identical to those alleged by decedent in the First Action, as well as a wrongful death claim on behalf of Tyson. On August 26, decedent's counsel filed a notice of related case in the First Action.

C. *Defendants' Summary Judgment Motion and Hearings*

At the time the Second Action was filed, defendants' motion for summary judgment in the First Action was already pending after being filed in July 2022. The hearing on the motion was set for September 27, 2022.

---

[2]    Section 377.34, subdivision (a) provides that, in an action by a decedent's successor in interest on the decedent's cause of action, "the damages recoverable are limited to the loss or damage that the decedent sustained or incurred before death . . . and do not include damages for pain, suffering, or disfigurement." Effective January 1, 2024, however, subdivision (b) of the same section provides for an exception to this general rule, stating in relevant part: "Notwithstanding subdivision (a), in an action or proceeding by a . . . successor in interest on the decedent's cause of action, the damages recoverable may include damages for pain, suffering, or disfigurement if the action . . . was filed on or after January 1, 2022, and before January 1, 2026." (§ 377.34, subd. (b).) Because the First Action was filed *before* January 1, 2022, the newly amended statute allowing for recovery of damages for pain and suffering does not apply to it. Such damages might, however, be recoverable in the Second Action, as it was filed *after* January 1, 2022.

4

### 1. *September 27, 2022 Hearing*

At the first hearing on the summary judgment motion, the court acknowledged that James had died in June 2022 and noted that there had not "been any substitution of a representative or an estate in this matter or other person or entity to move the case forward." Decedent's counsel explained that the parties had reached a stipulation to continue the summary judgment hearing, and the court asked: "[W]hat are we doing in terms of there being a representative or some entity to go forward with this lawsuit? [¶] If there's not going to be some person to take the place – if the plaintiff [i]s deceased, there is no person, the lawsuit is going to go to the wayside. [¶] So Plaintiff's counsel, what are you doing about that?" Decedent's counsel responded: "Well, we have the related case filed, and we do intend to file a Motion to Consolidate the two cases where Tyson Williams, who is James Williams' son, would be the successor of interest."

Defendants stated that it was their "position that the proper procedure is for the pending James Williams action to be – substitution of the representative or successor interest, and not to file an entirely separate lawsuit because there's nothing to consolidate it with if there's no proper party now in the present action."

The court directed the minutes "to reflect the following: Plaintiff is deceased as of 6-28-22. Court had a discussion with counsel for the parties about the substitution of a representative of the estate or other qualified parties/entity to proceed with this lawsuit. [¶] Minutes also to reflect parties have stipulated to continue the hearing on this motion for 60 days to allow an appropriate representative to be put in place of James Williams." Before the hearing ended, the court added: "And then, Counsel, it's also my order that you all would meet and confer to discuss issues with regard to this and the

5

related case.  [¶]  I may be inclined to set this for an OSC for consolidation if there's been a substitution of the – if there's a new representative that comes in.  [¶]  But otherwise, Counsel, I can't.  You know, unless there's a party that comes in, I don't know how the case can be consolidated.  I do agree with [defense counsel]'s interpretation of how the statute works.  I don't think that there's a way to consolidate a case if we no longer have a plaintiff."

2. *November 30, 2022 Hearing*

Two months later, the parties appeared before the court again for the continued summary judgment hearing.  The court stated at the outset: "I had previously continued this [summary judgment hearing] over to allow a substitution for the representative of the estate since Mr. Williams is now deceased or substitution of some other qualified person or entity.  In fact, we discussed that at the prior date set on this motion, and I put it over till this date, by the comment of you all that that's the time that would be needed to take care of this.  [¶]  I didn't see that anything has been filed showing a substitution in for the plaintiff.  Let me find out what's going on from plaintiff's counsel."  Decedent's counsel responded that he had filed a motion to consolidate the two related cases in the Second Action after the court clerk rejected his attempt to file it in the First Action, and stated his position that defendants' summary judgment motion could not be heard until after the motion to consolidate was heard and ruled on.

Defendants again argued that a motion to consolidate could not be heard until a viable plaintiff had been substituted into the First Action, stating that section 377.31 provides a specific statutory procedure that plaintiff's counsel must follow to allow the appropriate representative of the estate or successor in interest to continue the lawsuit.  Defense counsel argued: "[I]nstead of following those procedures, plaintiff's counsel, they have

6

filed an entirely separate action based upon the same exact claim, the same exact incident, and asserting the same exact survivor claim in that separate action. [¶] So what we have here, Your Honor, is counsel ignoring the legislature. We have counsel ignoring your court order to meet and confer and amend the complaint to follow the procedures, and instead they're just making it up as they're going along, trying to be creative to find a way to get pain and suffering damages when the statutory scheme does not allow that. [¶] So what we're left with, Your Honor, is you gave them 60 days to follow the procedure. Instead they went and filed an entirely different action, and they're trying to prosecute that action based upon, I would assume, is the same exact personal representative, Tyson Williams, who is the son, who should be the plaintiff in this case. [¶] And so that was intentional. That is the path that they chose. So, Your Honor, they don't have legal standing or even legal status to really do anything in this case because they chose not to follow the procedures. So we would ask that, essentially, what we have is an unopposed – an intentionally unopposed summary judgment that should be granted. And that's really the circumstances of their own making."

The court stated it was not prepared to grant the summary judgment motion as unopposed under the circumstances but noted: "No matter how we turn it, we still do not have a plaintiff representative here." The court indicated its willingness to further continue the summary judgment hearing until after a ruling on the motion to consolidate was filed in the Second Action. Defendants again argued that until there was a viable plaintiff substituted into the First Action, the matters could not be consolidated. They agreed, however, that the summary judgment hearing should be further continued to maintain the status quo until after the motion to consolidate

7

was heard in the Second Action.  The court continued the hearing to February 2, 2023.

  3. *February 2, 2023 Hearing*

  When the parties returned for the third hearing on defendants' motion for summary judgment in February 2023, the court noted that the "hearing was previously continued to allow for the substitution of a representative for the estate or other qualified person for Plaintiff.  [¶]  Our records don't show that there has been any substitution of anyone for James Williams, who is deceased.  And for that reason I would continue that hearing, again, would use the date of April, the 19th."  The court chose that date because there was a motion on calendar to consolidate the First Action and Second Action on the same day.

  Defendants' counsel commented that they had been in a "holding pattern" on their summary judgment motion "where this Court has been giving and instructing the Plaintiffs to substitute in the proper personal representative or successor in interest.  And Plaintiffs simply are not going to do that.  They are refusing to do that."  Defendants argued that "unless and until there is a proper plaintiff, this case is inactive . . . we've been down this road before on this consolidation issue.  There's nothing to consolidate with because we don't have an active case.  In order to consolidate, there has to be two active proper cases in existence.  And we don't have that.  And we're not going to have that."  Noting that defendants had filed a motion to dismiss for abandonment and failure to prosecute, defense counsel concluded: "So we can keep kicking this down and keep kicking it down, but really, the Court has been doing that to allow the plaintiffs the opportunity to follow what the legislature has stated and what the Court has stated, which is, we have to

reactivate the James Williams case.  This is the case that needs to go forward.  And they chose not to do that."

The court continued the summary judgment hearing to April 19, noting that the motion to dismiss would be heard first on March 20, and stated: "The Court will emphasize that if a substitution has not occurred by the new hearing date, the Court will consider simply taking the motion off calendar and/or taking other appropriate action since the case would really be at an impasse since there wouldn't be a plaintiff to prosecute."

D. *Tyson's Peremptory Challenge*

The day after the February 2, 2023 summary judgment hearing, Tyson filed a section 170.6 peremptory challenge to the trial court in the First Action.  The court denied the challenge on the grounds that Tyson was not a party to the action, as he had not been substituted for decedent.

E. *Defendants' Motion to Dismiss*

Defendants filed their motion to dismiss in January 2023, arguing that decedent's counsel had abandoned and failed to prosecute the First Action by filing the Second Action and refusing to file a motion to substitute a proper successor in interest as plaintiff in the First Action.  Because no new plaintiff had been substituted despite the court's repeated admonitions to decedent's counsel that the case could not continue without a plaintiff, defendants argued that the court should exercise its discretionary power under section 583.410 to dismiss the case for delay in prosecution.

Decedent's counsel filed a late opposition to the motion, arguing it should be denied because (1) James's death caused an unforeseeable and unpreventable delay; (2) decedent's counsel had submitted several declarations regarding efforts to bring a motion to consolidate before the court, which demonstrated diligence and a willingness of successor in interest

9

Tyson to continue the First Action, and the motion to consolidate that was now pending before the court would provide for the substitution if granted; and (3) public policy favors a trial on the merits.

Defendants filed a reply brief in which they argued that James's death was not relevant to the failure to diligently prosecute the action, which was based on the fact that decedent's counsel refused to follow established procedures to substitute a proper plaintiff; no case law supported the argument that a motion to consolidate can be used in place of a motion to substitute a successor in interest; and defendants' request for dismissal did not violate public policy.

The trial court held a hearing on the motion to dismiss in March 2023. Before the hearing, the court issued a tentative ruling, which stated in part: "Granted. There is no successor-in-interest that has substituted in as plaintiff. Plaintiff's counsel has received several requests from the court that it would entertain a motion to substitute in a successor for plaintiff but, counsel has not availed to that invitation. It is undisputed that plaintiff James Williams is deceased. Also undisputed that there has been no successor in interest pursuant to Code of Civil Procedure (CCP) § 337.32(a). Plaintiff's counsel has no client to represent in this action and thus no legal authority to file documents on behalf of plaintiff or represent plaintiff." As to the argument that the pending motion to consolidate should be heard before the motion to dismiss, the court found that "consolidation will further slow this case, and does not remedy the problem of a lack of a plaintiff in this case. There can be no consolidated trial in this matter without a proper plaintiff being substituted into this case. It appears that the successor-in-interest is intentionally avoiding the substitution in order to take advantage of CCP

10

§ 377. 34 (allowing the recovery of pain and suffering) which would not be available in the present case."

At the outset of the hearing, the court noted that it had received a successor in interest declaration from Tyson Williams, which had been filed three days before the hearing. Defendants objected to the declaration as irrelevant and untimely. The court adopted defendants' position as to the untimeliness of the declaration and declined to consider it for purposes of the dismissal motion. The court then heard oral argument on the motion.

Decedent's counsel argued as an initial matter that the court was without jurisdiction to consider the motion because Tyson and the Estate of James Williams had both filed section 170.6 peremptory challenges. He further argued that the motion to consolidate the First Action and Second Action should be heard before the motion to dismiss. According to decedent's counsel, the motion to consolidate was a procedurally proper way to combine the two actions that would "correct any errors in any of the two complaints. In other words, you put them together and you see what you have. So in the Tyson Williams action, we clearly have an estate of James Williams with Tyson Williams as successor in interest, and the action before this Court, the James Williams action, we have deceased James Williams. [¶] Obviously, the issue is that James Williams is deceased, but when you combine the Tyson Williams action with this action, that goes away because you know you have an estate, you know you have a successor in interest, and you know that Tyson Williams is the successor in interest."

After hearing argument, the court stated to decedent's counsel: "I have to remind [you] that there still has been no substitution of plaintiff for [decedent] as is required by statute. Prior motions were continued over to allow counsel to get that in place. In fact, it repeatedly continued over

11

repeated invitations that the Court would entertain a motion to substitute in a successor for plaintiff, but for reasons that counsel has chosen, counsel has not availed itself of that invitation. [¶] No one disputes that a successor in interest is needed. That statute does provide the mechanism for getting that done. It's a fairly simple mechanism. In fact, I have already indicated had that mechanism been filed with obviously the proper declaration, I would certainly not only entertain that motion, but counsel have all heard earlier that would be a motion that I would have granted. We've done this over and over and over and over and that still has not taken place." Regarding the section 170.6 peremptory challenges, the court stated that it denied the challenges because Tyson had not been substituted into the First Action for plaintiff and he was therefore not a party to the case. The court then stated it was adopting its tentative ruling as its final order.

The court filed its order granting defendants' motion to dismiss, and defendants filed a notice of entry of judgment. Decedent's counsel filed a notice of appeal of the judgment of dismissal.

DISCUSSION

A. *Motion to Substitute Tyson Williams as Appellant*

While this appeal was pending, Tyson Williams filed a motion to substitute for decedent as appellant, arguing that he is the undisputed successor in interest under section 377.30, et seq. The motion is supported by Tyson's declaration containing the information required by section 377.32: decedent's name and the date and place of his death; that no proceeding is now pending in California for administration of the decedent's estate; that Tyson is the successor in interest; and that no other person has a superior right to be substituted for the decedent in the action. The motion further attaches decedent's death certificate and Letters Testamentary appointing

12

Tyson Williams as the executor and personal representative of the Estate of James Williams.

Defendants oppose the motion, contending it is untimely and the appeal should be dismissed because decedent's counsel improperly acted without a client in filing the opening brief.

We grant the motion to substitute Tyson for decedent as appellant. (§ 377.31 ["On motion after the death of a person who commenced an action or proceeding, the court *shall* allow a pending action or proceeding that does not abate to be continued by the decedent's personal representative or, if none, by the decedent's successor in interest." (Italics added.)].) We have not received a request for further briefing, so we deem the opening and reply briefs submitted by decedent's counsel to have been filed on Tyson's behalf.

B. *Motion to Dismiss the Appeal*

Defendants also filed a motion to dismiss this appeal. They contend that because decedent's counsel has not substituted a proper successor in interest in this case, there is no party with standing to pursue the appeal and it therefore must be dismissed. Decedent's counsel filed an opposition, arguing that defendants' motion goes to the merits of the appeal, and, in any event, a motion had been filed to substitute Tyson as appellant. Given that we have granted Tyson's motion to substitute, thus mooting defendants' argument, we deny the motion to dismiss.[3]

---

[3] Tyson also filed a request for judicial notice on appeal asking us to consider Letters Testamentary appointing him as the executor and personal representative of the Estate of James Williams, and defendants filed a request for judicial notice of various court documents from a related appeal. We deny both requests because none of the documents are necessary to resolve this appeal and we do not rely on them. (See *Save Lafayette Trees v. East Bay Regional Park Dist.* (2021) 66 Cal.App.5th 21, 29, fn. 2.)

13

C. *The Trial Court Did Not Abuse Its Discretion*

Turning to the merits of the appeal, Tyson contends the trial court abused its discretion in granting Bombardier's motion to dismiss the action for failure to prosecute and abandonment. Specifically, he argues in his opening brief that (1) the trial court lacked jurisdiction to rule on the motion to dismiss because Tyson filed a valid section 170.6 peremptory challenge; (2) the court abused its discretion by refusing to consider his successor in interest declaration before ruling on the motion to dismiss; (3) the court abused its discretion in granting the motion to dismiss before the motion to consolidate because the ruling was premised upon an erroneous factual basis; and (4) the court unjustifiably attributed delay to Tyson and his counsel by penalizing them for the mistakes of the Riverside Superior Court. We address each argument in turn.[4]

1. *Denial of a Peremptory Challenge Is Not Appealable*

Tyson first contends the trial court lacked jurisdiction to rule on defendants' motion to dismiss because he filed a valid section 170.6 peremptory challenge. Defendants respond that his sole avenue of review of the denial was by way of writ petition filed under section 170.3, subdivision (d), which must be filed and served within 10 days of service of written notice of entry of the court's order determining the disqualification issue.

---

[4] Tyson challenges several other aspects of the court's dismissal order for the first time in his reply brief. We decline to consider any issues not raised and argued in his opening brief, as " '[o]bvious considerations of fairness in argument demand that the appellant present all of [their] points in the opening brief.' " (*SCI California Funeral Services, Inc. v. Five Bridges Foundation* (2012) 203 Cal.App.4th 549, 573, fn. 18 [appellant "abandoned" its argument by failing to raise it until its reply brief]; see also *Raceway Ford Cases* (2016) 2 Cal.5th 161, 178 ["We generally do not consider arguments raised for the first time in a reply brief."].)

We agree with defendants. The Supreme Court has made clear "that section 170.3(d) prescribes the exclusive means of appellate review of an unsuccessful peremptory challenge." (*People v. Hull* (1991) 1 Cal.4th 266, 268.) Section 170.3, subdivision (d) provides: "The determination of the question of the disqualification of a judge is not an appealable order and may be reviewed only by a writ of mandate from the appropriate court of appeal sought only by the parties to the proceeding. The petition for the writ shall be filed and served within 10 days after service of written notice of entry of the court's order determining the question of disqualification."

Tyson did not file a petition for writ of mandate, and the time to do so is long past. The order denying the section 170.6 peremptory challenge is not appealable, and we therefore cannot review it.

2. *The Trial Court Did Not Abuse Its Discretion in Refusing to Consider Tyson's Declaration at the Motion to Dismiss Hearing*

Tyson next contends that the trial court erred by refusing to consider his successor in interest declaration as untimely despite the fact that such a declaration has no time limits, and a successor in interest has an absolute right to be substituted into a pending action for the decedent. He argues that a successor in interest is not required to file a declaration within a certain time period as a condition precedent to continuing an action in place of a decedent. Thus, the trial court's finding that his declaration was untimely exceeded the bounds of reason and resulted in a miscarriage of justice.

Tyson relies on section 377.32, which provides that anyone who seeks to continue a pending action as the decedent's successor in interest must execute and file a declaration under penalty of perjury stating, among other things, that the person is the decedent's successor in interest, and they succeed to the decedent's interest in the action. (§ 377.32, subd. (a).) Courts

15

have held that "this provision does not require that the affidavit be filed as a condition precedent to commencing or continuing the action." (*Parsons v. Tickner* (1995) 31 Cal.App.4th 1513, 1523–1524; see also *Aghaian v. Minassian* (2021) 64 Cal.App.5th 603, 613–614 [where plaintiffs asserted causes of action as their parents' successors in interest, failure to file their section 377.32 declarations until well after commencing the action did not render their complaint a nullity].) Tyson is therefore correct that his successor in interest declaration was not necessarily "untimely."

But Tyson's failure to file his declaration sooner was not the basis of the trial court's order granting dismissal, and his argument misses the point. When determining whether a proper substitution has been made in a pending action, courts must look not only to section 377.32, but also to section 377.31, which provides: "*On motion* after the death of a person who commenced an action or proceeding, the court shall allow a pending action or proceeding that does not abate to be continued by the decedent's personal representative or, if none, by the decedent's successor in interest." (Italics added; see also *Strobel v. Johnson & Johnson* (2021) 70 Cal.App.5th 796, 830, fn. 22 (*Strobel*) [stating that it granted a motion under section 377.31 to substitute the decedent's wife as his personal representative and explaining that "[t]he procedural step of substituting a successor for a deceased natural person is no more self-executing than it is for a corporation that has been merged out of existence"].) As the trial court repeatedly instructed decedent's counsel, a successor in interest seeking to continue a pending action on behalf of the decedent is required to file a motion to substitute with the court.[5] A

---

[5] The trial court also informed decedent's counsel on more than one occasion that it could not rule on any motion to consolidate (or defendants' motion for summary judgment) unless and until a successor in interest had been properly substituted as plaintiff.

16

section 377.32 successor in interest declaration is necessary but not sufficient to continue a pending action.

Although Tyson disputes this, he provides no authority supporting his assertion that his motion to consolidate a related action with the instant action, which has no plaintiff, could be used in place of a section 377.31 motion to substitute.[6] The plain language of section 377.31 is to the contrary. It unambiguously requires a motion, not just a declaration, to substitute a personal representative or successor in interest. Thus, even if the trial court had considered Tyson's successor in interest declaration in ruling on the motion to dismiss, it would not, and could not, have had any effect on the outcome. The court dismissed the action because it had no plaintiff, and decedent's counsel failed to file a motion to substitute. The successor in interest declaration did not change that fact. We therefore conclude the trial court did not abuse its discretion in declining to consider the declaration.

3. *The Trial Court Did Not Base Dismissal on an Erroneous Fact*

Tyson's third argument is that the trial court's order granting the motion to dismiss must be reversed because it was premised on "an erroneous factual basis: that Tyson Williams did not file a successor in interest declaration." This is not true. What the court actually based its order on is

---

[6] Tyson admits in his reply brief that he and his counsel "sought this type of consolidation to prevent the forfeiture of 5 years of pain and suffering damages." In other words, he intentionally avoided substituting into the First Action so he could seek noneconomic damages in the Second Action that were not recoverable in the First Action because it was filed before the law was amended prospectively to allow recovery of such damages. (See § 377.34, subds. (a)–(b).)

17

the fact that decedent's counsel failed to file a *motion* to substitute Tyson for decedent as plaintiff. The court expressly ruled at the dismissal hearing: "[A]t this time there is no plaintiff in this action that the court has jurisdiction over, as a proper motion under CCP §377.31 has not been made despite the fact that the court has on more than one occasion commented to Plaintiff's counsel of the need to do so."

As we have explained, filing a declaration was a necessary but not sufficient step in substituting Tyson as plaintiff in the First Action. Decedent's counsel was required but chose not to file a motion to substitute despite the trial court's repeated instructions and admonishments to that effect. (§ 377.31; see also *Strobel, supra*, 70 Cal.App.5th at p. 830, fn. 22.) We therefore disagree with Tyson that the court's dismissal was based on an erroneous fact and find no error.

4. *The Trial Court Did Not Unjustifiably Attribute Delay to Tyson*

Tyson's final argument is that the trial court's order unjustifiably attributed delay to him that was not his fault, as the reason decedent's counsel was delayed in getting a motion to consolidate on calendar due to the errors of Riverside Superior Court. Tyson does not cite to the record in making this argument, but we presume he relies on the following in the court's ruling: "As to the nature of any extensions of time or other delay attributable to either party: This court has provided the successor- in-interest more than 8 months to substitute into this matter. During this time, this case has been at a standstill, a delay attributable to only Plaintiff, not to the Defendants. This court has given counsel and the successor-in-interest more than sufficient time to make the proper substitution so that this case can move forward. All of these factors weighs [*sic*] in favor of granting the motion." Tyson seems to contend that the trial court's order penalized him

18

for the mistakes of the court clerk, because absent those mistakes, his motion to consolidate would have been heard before the motion to dismiss.

We are not persuaded by this argument for the same reasons we have already explained. Tyson was required by statute to file a motion to substitute as successor in interest in this action. (§ 377.31.) He repeatedly refused to do so. Any delay in calendaring his motion to consolidate the two actions had no effect on the reason defendants' motion to dismiss was granted—there was no viable plaintiff to continue the action. The motion to consolidate would not have solved that problem. Accordingly, we find no abuse of discretion.

## DISPOSITION

The judgment is affirmed. Defendants shall recover their costs on appeal.

BUCHANAN, J.

WE CONCUR:

O'ROURKE, Acting P. J.

DATO, J.

19